[No. 191.   Decided July 1, 1891.]

## OLE HANSON AND FRED LARSON V. GEORGE E. TOMPKINS.

VENDOR AND VENDEE — MISREPRESENTATIONS — MUTUAL MISTAKE — ACTION ON DEBT NOT DUE — STATEMENT OF FACTS.

In an action upon a promissory note given in part payment for a tract of land represented by the plaintiff as containing 36½ acres when in fact it only contained 26½ acres, plaintiff can only recover for the balance of purchase price on 26½ acres, whether he knew the representation to be false, or whether there was a mutual mistake by both parties to the contract.

In an action upon a note not yet due, where the allegations of the complaint, that defendants have disposed of their property with intent to delay and defraud creditors, and that they are about to depart from the state without making any provision for payment of the note, are denied by the answer, and no proof is offered at the trial in support of such allegations, judgment for plaintiff is unauthorized.

A statement of facts not certified by the trial judge will not be considered by the supreme court.

*Appeal from Superior Court, Snohomish County.*

The facts are sufficiently stated in the opinion.

*W. P. Bell, L. F. Hart.* and *Andrews & Barnes,* for appellant.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought upon a promissory note for $350 not yet due, and for $50 attorney's fee, with an allegation that defendants were about to remove from the State of Washington and the United States, refusing to make arrangement for securing the payment of said debt, with prayer for judgment, and for the issuance of a writ of attachment. Affidavit for attachment was filed. The answer admits the execution of the note, and alleges want of consideration; alleges the fact to be that plaintiff sold defendants a certain tract of land for $1,350, $1,000 of which was paid down, and the note for $350 was given for the balance of the purchase price of said land; that the number of acres bought was understood to be forty, at an agreed price of $33.75 per acre. This land was composed of lot No. 2, and a small portion of the N. W. $\frac{1}{4}$ of section 22, township 29 N., of range 5 E. of Willamette meridian. That plaintiff, intending to cheat the defendant and co-defendant, falsely and fraudulently represented to them that said lot 2 contained $36\frac{1}{2}$ acres, when in truth and in fact it contained but $26\frac{1}{2}$ acres; and that, wholly and solely relying on the said fraudulent and false representations of plaintiff, defendant and co-defendant, believing there were forty acres in said tract of land, signed the said note for $350. That the plaintiff agreed with and promised defendant, on the 12th day of December, 1889, to deed to them a sufficient amount of land off of the east side of the northwest quarter of said section 22 to make, when added to lot 2, forty acres. That in the following February, 1890, the defendants first learned that lot 2 contained but $26\frac{1}{2}$ acres of land, whereupon they went to plaintiff, and offered and demanded of him to deed them ten acres more land off the east side of the northwest quarter of the northwest quarter of said section 22,

or to rescind said contract; and demanded of him their money, viz., $1,000, and their note, for which they offered to deed said land back to plaintiff; and plaintiff refused to return to defendants their note and money, or any part thereof. All of these allegations in the answer were denied in the reply, and on these issues the cause was tried. Other matters were alleged in the answer, but their consideration is not necessary to the determination of this cause. Two statements of fact came up with the record, but this court can only consider the statement certified to by the trial judge. Both plaintiff and defendant testified that it was the intention to convey forty acres of land; the real contention being whether or not forty acres of land had really been conveyed. There seems little, if any, doubt from the testimony that lot 2, instead of containing $36\frac{1}{2}$ acres, actually contained only $26\frac{1}{2}$ acres.

Several instructions were presented and requested by defendants, which, we think, correctly stated the law; but, as the reverse of such instructions was given by the court, we will notice it. Among other instructions, the court gave the following:

"If you should find that as a matter of fact said plaintiff did represent said tract to contain 36.50 acres when as a matter of fact it only contained 26.50 acres, you must still find a verdict for the plaintiff, unless you further find by a preponderance of the evidence that the plaintiff knew at the time he made such representations that the same were false, and made them with the intent thereby to deceive the defendants, if the mistake (if you find there was a mistake) was a mutual one, and innocently made by the plaintiff, he cannot be charged therefor in this action."

This instruction was plainly erroneous. If the defendants relied upon the representations of the plaintiff, and were led to believe by such representations that lot 2 contained $36\frac{1}{2}$ acres, when in fact it only contained $26\frac{1}{2}$ acres, and were induced by such representations to purchase said

lot as a lot of $36\frac{1}{2}$ acres, it makes no difference whether plaintiff knew such representations to be false or not, he is liable. If he knew the lot did not contain $36\frac{1}{2}$ acres, and represented to defendants that it did, he would be guilty of fraud and deceit; but if he did not know it, and believed that the representations he made were true, and defendants, acting upon such representations, were damaged because it eventuated that they were not true, the liability of the plaintiff would be the same. In neither case will he be allowed to retain the benefit flowing from his misrepresentation. Mr. Justice Story thus states the rule: "Whether a party thus misrepresenting a material fact knew it to be false, or made the assertion without knowing whether it were true or false, is wholly immaterial; for the affirmation of what one does not know or believe to be true is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false." 1 Story, Eq. Jur., § 193, and note. See, also, *Page v. Bent*, 2 Metc. (Mass.) 371; *Stone v. Denny*, 4 Metc. (Mass.) 151; *Milliken v. Thorndike*, 103 Mass. 382; *Bennett v. Judson*, 21 N. Y. 238; *Litchfield v. Hutchinson*, 117 Mass. 195. In fact this view of the law is so well established that we think it not necessary to comment further upon it.

There is another phase of this case which is fatal to the judgment. This action was brought upon an alleged debt not yet due. The complaint alleged that the defendants were about to depart from the state without making any provision for the payment of the note, and also that the defendants had disposed of their property with intent to delay and defraud their creditors. These allegations were denied by the answer and no proof was offered at the trial in support of them. These are material allegations to the complaint, and the facts therein set forth must be proven, like any other fact, to authorize judgment. See *Cox v. Dawson, ante,* p. 381 (decided by this court at this term).

Judgment is reversed, and the cause remanded to the lower court, with instructions to proceed in accordance with this opinion.

ANDERS, C. J., and SCOTT, STILES, and HOYT, JJ., concur.