[No. 6097. Decided September 10, 1906.]

HARRIET B. FREEMAN, *Appellant,* v. F. H. GLOYD *et al., Respondents,* H. P. VERMILYE, *Appellant.*[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD—LIABILITY—NOMINAL PARTIES. Where a contract for the purchase of lands was made by V., the owner of the property, representing that he was acting as agent of G., who held the title and who signed the contract as principal, the purchaser, upon rescinding the contract, cannot recover from G. the purchase price paid to V. without showing that G. entered into the contract as principal with knowledge of the fraud of V.; hence findings to the effect that V. was the owner and the only party guilty of fraud are insufficient to support a judgment for damages against G.

SAME—EVIDENCE OF FRAUD—WEIGHT AND SUFFICIENCY. In an action for rescission for the fraud of the vendor in pointing out the wrong section of land, the weight of the evidence is not against the vendee where the vendee and one other witness, contradicting the vendor, testified that the land shown was not the land afterwards ascertained by a surveyor to be the land described in the contract, and there was great disparity in the condition of the two tracts, and nothing affecting the credibility of the witnesses.

SAME—RESCISSION—REPRESENTATIONS AS TO FACTS. Where the vendor undertakes to point out the tract of land, his representations are matters of fact and not of opinion, and if false he must respond in damages.

1Reported in 86 Pac. 1051.

SAME—DILIGENCE—WAIVER OF RIGHT TO RESCIND—NOTICE OF FRAUD. Where a vendee is defrauded by being shown the wrong land, and her first intimation of the fact was three months later at the beginning of winter, she was not guilty of laches in waiting until the weather became more clement in having a survey made, and until such time she had no actual knowledge of the fraud.

PLEADING—VARIANCE—IMMATERIAL ALLEGATION. In an action for rescission of a sale of land for the false representations of the defendant, it is not a variance to fail to prove an allegation of the complaint, that the representations were made as agent for another, the proof showing that the defendant was the owner of the land, which stood in the name of such other party, as the allegation of agency was immaterial.

PLEADING—VARIANCE—UNNECESSARY ALLEGATION. In an action to rescind a sale and recover damages for the fraud of the defendant, it is not a variance to fail to prove an unnecessary allegation that he was acting as an agent for another who held the title, the proof showing that the defendant was the owner of the land, and made the representations on his own behalf.

Cross-appeals from a judgment of the superior court for Yakima county, Rudkin, J., entered January 10, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to rescind a contract for the sale of land. Affirmed.

*H. J. Snively* and *Fred Parker,* for appellant Freeman.

*Ira P. Englehart* and *Carroll B. Graves* for respondent and appellant Vermilye.

FULLERTON, J.—This is an action brought to rescind a contract entered into between the appellant Freeman and the respondent Gloyd, acting on behalf of the appellant Vermilye, for the sale of certain real property, and to recover the money paid on the purchase price pursuant to the terms of the contract. The court entered a judgment of rescission in favor of the appellant Freeman against all of the defendants, and against the appellant Vermilye for the paid portion of the purchase price, but denied her the right to recover such purchase price against Gloyd. She has appealed from that part

of the judgment refusing to allow her to recover against
Gloyd, and Vermilye has appealed from that part of the judg-
ment allowing her to rescind and to recover against him.

The record discloses that in April, 1902, one B. L. Cramer
held a contract of purchase entered into with the Northern
Pacific Railway Company which entitled him on making
certain payments to a conveyance from that company of cer-
tain lands situated in Yakima county, described as section
25, in township 8, north of range 28, east of the Willamette
meridian. On the 18th of that month he executed and acknowl-
edged a formal assignment of the contract in blank—that is,
without naming an assignee, and delivered the contract and
assignment to the appellant Vermilye who thereupon offered
the land for sale. The appellant Freeman, desiring to pur-
chase real property and having learned that Vermilye had
such property for sale, communicated with him concerning
it. The parties subsequently met and Vermilye took the
plaintiff into the country where the land lay, and showed her
what he claimed was section 25, in the township and range
above mentioned. The land shown was satisfactory to the
plaintiff, and she and Vermilye soon agreed upon terms for
its purchase satisfactory to both of them. Vermilye then
told her that the property stood in the name of the respond-
ent F. H. Gloyd, and that the contract for its purchase would
have to be executed by him as principal. The contract as
agreed upon was thereupon reduced to writing and executed
by Gloyd on the one part and by the appellant Freeman on
the other. Afterwards Miss Freeman desired an extension
of time on a payment then falling due and wrote Gloyd con-
cerning it. Gloyd answered by telling her that he was only
the nominal owner of the property, that it in fact belonged to
Vermilye, and that any contract for an extension would have
to be made with Vermilye's consent, and for her to apply to
him for what she wished in that behalf. She thereupon ap-

plied to Vermilye and was granted the extension for which she asked.

Later on Miss Freeman, while talking with a person familiar with the country in which the section of land described in her contract of purchase was situated, received an intimation that Vermilye had not shown her the section of land she had actually contracted to purchase, and sometime thereafter she went on the ground with a surveyor and traced out the boundaries of the section. She found, according to her contention, that the section she actually purchased was a considerable distance from the land shown her by Vermilye; that it was rough and much cut up with gulches and canyons, and was covered in a large part with a heavy growth of sagebrush, and was of an inferior character of soil; while the land actually shown her was comparatively level, of good soil, and the growth upon it comparatively light; and was of much greater value than the section she actually purchased. She thereupon offered to rescind the sale and reassign her interests in the land on the repayment to her of the money she had theretofore paid on the purchase price. The other parties to the contract refused to consider her offer, and she thereupon brought this action with the result as above stated.

The appellant Freeman brings to this court only the findings of fact made by the trial court, and contends that upon the findings so made she is entitled to recover against the defendant Gloyd as well as against the appellant Vermilye; further contending that we cannot review the evidence brought before us on the appeal of Vermilye for the purpose of ascertaining as between herself and Gloyd whether or not the evidence supports the findings, or justifies a recovery against Gloyd. But without passing upon this latter contention, we think it is made plain by the findings themselves that the trial court did not think the evidence justified a judgment against Gloyd. While the findings are not as specific upon this point as they might have been made, the court found that Vermilye

made all of the false representations concerning the land that were actually made, and was alone guilty of the only fraud that was perpetrated upon the appellant, and that while he purported to represent Gloyd, he then held in his own right all the interest in the land acquired under the assignment of Cramer, and was in fact representing his own interest. The court also specially found that there was "no liability against the defendant Gloyd." Said appellant contends that this latter finding is rather a conclusion of law deduced from the other findings than an independent finding, but we think the context makes it plain that it was not so intended by the court. It is rather the finding of an ultimate fact than the deduction of a conclusion of law. If it be true, therefore, that Vermilye held the beneficial interest in this property and was dealing for himself, Gloyd could be no more than a mere nominal party to the contract, and to hold him for the fraud that had been practiced, it would be necessary to show, at the least, that he entered into the contract as principal with knowledge of such fraud and concealed it from the defrauded party, and as to this there is nothing in the findings. On the contrary, the inferences to be drawn from the findings as made are all the other way. The only thing shown by the findings is that he acted as trustee for Vermilye, and it is not to be presumed from this fact alone that he had knowledge of Vermilye's frauds.

The appellant Vermilye contends that the evidence does not justify the finding that he did not exhibit to Miss Freeman the lands afterwards conveyed to her. On this point there were but three witnesses, Miss Freeman, Mr. Vermilye, and a Miss Brayman who accompanied them on the first trip to view the land. Both Miss Freeman and Miss Brayman testify explicitly that the land shown them was not the land they afterwards ascertained from the surveyor to be the land described in the contract of purchase. Mr. Vermilye contradicts their testimony, but we find nothing in the record that

affects their credibility as witnesses, and it is not reasonable to suppose they would be mistaken with respect to the location of the land, especially as there is such a disparity of condition between the two tracts. On the record as presented to us, therefore, we cannot find that the weight of the evidence is against the court's findings.

The appellant next contends that conceding it to be a fact that he did not point out the section of land he afterwards contracted to sell, he cannot be held responsible therefor, as it was not such a representation as the purchaser had a right to rely upon. But such is not the rule. Representations involving mere matters of opinion or questions of judgment, as much within the knowledge of one party as the other, cannot be made the basis of an action to rescind or for damages, even, when not in accord with the truth, but representations as to the boundaries of land are not of that sort. Such representations are regarded as representations of fact, and the owner, if he undertakes to point out the boundaries at all, must point them out correctly, under penalty of responding in damages, or to an action of rescission. *Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson,* 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. 778; *Bird v. Kleiner,* 41 Wis. 134; *Davis v. Nuzum,* 72 Wis. 439, 40 N. W. 497, 1 L. R. A. 774.

It is next contended that Miss Freeman lost her right to rescind the contract because of her delay in taking action after she had ascertained that she had been defrauded. But on this question, also, we think the record is against the appellant. While it appears that some three months elapsed between the date her suspicions were first aroused and the time she caused the land to be surveyed, it also appears that her first information was very indefinite; that it was then just at the beginning of winter, and that she acted with reasonable promptness as soon as the weather became more clement. Indeed it could hardly be said that she had any

actual knowledge until after the survey was made, and it is not complained that she has shown any lack of diligence since that time. In these respects the case differs from that of *Eldridge v. Young America etc. Min. Co.,* 27 Wash. 297, 67 Pac. 703, relied upon by the appellant.

Finally it is contended that the action should be dismissed because the proofs and judgment do not correspond with the allegations of the complaint; in other words, that there is a variance between the allegations and the proofs. But we think the contention without merit, also. The plaintiff did allege, it is true, that Vermilye was the agent of Gloyd, and made the false representations on his behalf, and it is equally true that she failed in her proofs as to that issue. But she also alleged facts sufficient if proven to entitle her to recover against Vermilye, and as to these facts her proofs were ample. She cannot be denied the remedy her proofs warrant merely because she claimed too much.

The judgment appealed from should be affirmed, and it is so ordered. Neither party will recover costs.

MOUNT, C. J., HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.

RUDKIN, J., having heard the case in the court below, did not sit.