[No. 6429.  Decided December 18, 1906.]

FRANK S. SHAW *et al.*, *Respondents*, v. THOMAS O'NEILL
*et al.*, *Appellants.*[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—GROUNDS—
FRAUD—KNOWLEDGE OF VENDORS.  A vendee is entitled to rescission,
without alleging that the vendors' representations were known to
be false or made with fraudulent intent, where 23.462 acres of
oyster lands, described by metes and bounds in a complicated de-
scription, were pointed out as the property of the grantors which
they agreed to sell, when in fact they did not own the portion thereof
which was the moving cause of the purchase, and the deed made in-
cluded other property, there being no breach of the covenants of the
deed upon which action could be brought.

SAME—MUTUAL MISTAKE.  Mutual mistake respecting land in-
tended to be sold and conveyed, whereby the vendor was without
power to perform the contract, is no defense to an action by the
vendee for a rescission of the sale.

SAME—ACTION FOR RESCISSION—PLEADINGS—AFFIRMATIVE DEFENSE.
It is not error to strike out an affirmative defense in an action for
the recission of a sale of lands, setting up that since the sale the
plaintiff had negligently allowed the improvements to deteriorate,
where that issue is already raised by a general denial of plaintiff's
allegation of readiness and ability to restore the defendants to their
original rights.

APPEAL—RECORD—REVIEW.  Where the evidence is not brought
up, it will be presumed on appeal that the court did not refuse to
admit evidence on the issues made.

Appeal from a judgment of the superior court for Mason
county, Linn, J., entered April 30, 1906, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action for rescission.  Affirmed.

*S. P. Richardson* and *Vance & Mitchell*, for appellants.

*Thorpe & Wheeler*, for respondents.

MOUNT, C. J.—This action was brought to rescind a sale
of real estate and to recover back the purchase price, and for
damages.  The defendants appeal.

[1]Reported in 88 Pac. 111.

The substance of the complaint is, that, in June, 1902, the defendants represented to the plaintiffs that they were the owners of 23.462 acres of oyster land in Mason county, which they desired to sell; that a portion of said land was then cultivated in oysters, and the other portion thereof was self-seeding, and that the whole of said land had been regularly surveyed and staked upon the ground; that soon thereafter the defendants took the plaintiffs to examine said land, and upon arrival at the place where the land was located, the defendants pointed out to the plaintiffs certain oyster lands, the oysters thereon, and certain lands which they represented as being self-seeding; that the lines, corners and angles were pointed out to the plaintiffs, and the defendants represented that they were the owners of the lands included within the boundaries so pointed out, and that the same contained 23.462 acres of oyster land; that plaintiffs believed such representations, and agreed to purchase the same for $2,300, and thereupon, on June 23, 1902, entered into a written contract of purchase with defendants, and paid to defendants $1,150 of the purchase price, and went into possession of the land pointed out as above stated, and commenced to improve the same and expend money thereon; that in June of 1903 plaintiffs took a deed from defendants for 23.462 acres of oyster land; that then and there defendants represented to plaintiffs that the land described in the deed was the identical land which defendants had theretofore shown to plaintiffs; that plaintiffs, believing said representations and that they were obtaining a title to the land shown to them, received the said deed and paid the balance of the purchase price; that the representations made by defendants to plaintiffs were not true in the following particulars: defendants were not the owners of all of said oyster land which had been shown to plaintiffs, but owned only a small portion thereof; that the said deed described and conveyed only a small portion of said oyster land, viz., less than one-half, and by reason of said

false and fraudulent representations plaintiffs were induced to, and did, pay to defendants $2,300 in the belief that plaintiffs were receiving a deed to 23.462 acres of oyster land theretofore shown them by the defendants, and that by said false and fraudulent representations, plaintiffs were induced to, and did, expend much labor and money in protecting said land, and in finding that said deed did not describe said land, the amount of which labor and money exceeded $500; that plaintiffs were ignorant of the facts, and believed the said deed conveyed good title and described the land shown to them by the defendants, until August, 1903, when they were informed by neighbors, and that in September, 1903, plaintiffs caused said land to be surveyed and thereby found the fact to be that one-half of said oyster land, which they believed they had purchased, was not, and never had been, owned by defendants, and was not included in said deed; that this portion was the self-seeding portion of said land as shown by defendants to plaintiffs, and was the inducement and cause of plaintiffs agreeing to purchase at the time the contract of purchase was entered into; that the representations made by defendants, that they owned, and that the deed conveyed, this portion of the land, were false and fraudulent, and made for the purpose of inducing the plaintiffs to part with their money; that the plaintiffs upon discovering that defendants did not, and had not, owned the lands shown to plaintiffs, and that the deed did not describe the said. lands, and that the representations of defendants in respect thereto were false, tendered to defendants a reconveyance of said lands, duly executed, restoring to defendants their original rights, and demanded a return of the money theretofore paid to defendants, but defendants refused to receive said deed or to return said money or any part thereof.

The defendants filed a general demurrer to this complaint. This demurrer was overruled, and defendants answered, denying generally all the allegations of the complaint, and alleged

two affirmative defenses. The first affirmative defense shows
that an honest mistake as to the location of the property at-
tempted to be sold to plaintiffs had been made by defendants
and by defendants' grantor, all of which was occasioned by
the mistake of the surveyor who originally platted and sur-
veyed the property, improperly describing the survey which
he had made, and that said mistake was not known to defend-
ants until after the conveyance from defendants to the plain-
tiffs, and after the institution of an action by plaintiffs
against defendants; that the land actually conveyed was the
moving consideration of the plaintiffs in their purchase, and
that that portion described in the calls of the deed by which
they took the property which was not actually conveyed was
not essential or necessary to the enjoyment of that portion of
the property which plaintiffs desired most to obtain, and that,
in addition, there was actually conveyed by the calls of the
deed other property adjoining and adjacent to the most im-
portant portion of the tract, other quantities and portions
of land which were as valuable as were the portions and tracts
of land included within the calls of the deed to which tracts de-
fendants had no title, all of which errors were on account of
an honest misunderstanding of defendants and their grantor;
and that the difference in the land actually conveyed as com-
pared with that within the calls of the deed did not affect the
substantial purpose and consideration to the plaintiffs; and
denying the right of plaintiffs to rescind the contract, and of
the court to grant a rescission of the executed contract as as-
serted in the complaint. And further alleged that, if there was
any difference in the area, the sum of $5, if any amount, was
all that was necessary to reimburse plaintiffs; but that if any
greater amount were found due, defendants were ready and
willing to pay the same, and $5 was tendered into court with
the answer. The second affirmative defense alleged in sub-
stance that, after the conveyance to plaintiffs by defendants,
and after plaintiffs had taken possession of the property, the

plaintiffs had negligently permitted and allowed the improvements situated upon tract B, which was actually conveyed and possession delivered, to deteriorate and become lessened in value until now, at the time of the commencement of this action, said improvements were worth at least $2,300 less than they were at the time of the conveyance to plaintiffs; without the consent, procurement and advice of defendants, or either of them.

When the answer was filed, the plaintiffs filed a motion for a judgment on the pleadings. The court treated this motion as a general demurrer to the affirmative defenses, and sustained the demurrer. No other answer was filed. The case was tried upon issues raised by the complaint and the general denials of the answer. The trial court thereupon made findings in substantial conformity to the allegations of the complaint, and entered a decree accordingly. The facts are not brought here. The appellants rely for reversal upon assignments of error based on the overruling of the demurrer to the complaint, and upon the order sustaining the demurrer to the affirmative answer.

Upon the demurrer to the complaint it is argued by appellants that, inasmuch as there are no allegations in the complaint that the representations were knowingly, wilfully and intentionally made, and inasmuch as there is no allegation that the defendants are insolvent or nonresidents of the state, and inasmuch as the complaint shows that the deed from defendants to plaintiffs contained general covenants of title, a court of equity will not assume jurisdiction to rescind the contract, but will leave the plaintiffs to pursue their remedy at law for damages upon the covenants of warranty. It is admitted that the deed above referred to does not describe the land which respondents agreed to purchase and which appellants represented they were selling; but such deed describes only one-half thereof, the other half being left out and an entirely different tract substituted therefor. There is no covenant in the deed that the land shown to the

respondents and agreed to be purchased by them was the land described in the deed, but the covenant is that the appellants are seized in fee of the premises described in the deed. The respondents are complaining because the land which they agreed to purchase, and which appellants agreed to sell, is not the land described in the deed. They are not complaining because the title has failed to any portion of the land described in the deed. It is apparent, therefore, that the respondents could not maintain an action upon the covenants of warranty set out in the deed which they received from the appellants. If the title to any of the land described in the deed had failed, then the case of *Decker v. Schulze*, 11 Wash. 47, 39 Pac. 261, 48 Am. St. 858, 27 L. R. A. 335, would be in point, to the effect that rescission cannot be made on account of failure of title of a portion of the land conveyed, unless fraud or other equitable grounds are alleged; but that is not the case before us now, because here the deed did not convey the land actually sold and purchased. The deed did not describe that land, but only a part thereof, with other lands. In this case the appellants misrepresented that they owned the land shown to respondents. They also misrepresented that the deed described the land which was shown to respondents. The description contained in the deed is a description by metes and bounds. It is so complicated by angles and distances that no one could read the same and locate the land upon the ground without a compass and chain. The land which was not conveyed was the leading consideration for the purchase. We think it was not necessary to allege or prove in this case that the appellants knew the representations which they made were untrue, in regard to their ownership of the land or that the deed described the land. The general rule is stated in 2 Warvelle on Vendors (2d ed.), at page 996, as follows:

"   .   .   .   representations which are untrue and which materially affect the value of the property which forms the sub-

ject of the contract will furnish grounds for a rescission, even though they may not have been made with fraudulent intent.    Indeed, the intent of the person making a representation for the purpose of inducing a purchase of property is wholly immaterial.    A party selling land or other property must be presumed to know whether the representations made by him are true or false; if he does know them to be false he is guilty of positive fraud, but if he does not know it must be from gross negligence; and false representations which are material, made under such circumstances, although founded on mistake, in contemplation of a court of equity, constitute fraud, and will justify the rescinding of the contract."

See, also, *Friday v. Parkhurst,* 13 Wash. 439, 43 Pac. 362; *Freeman v. Gloyd,* 43 Wash. 607, 86 Pac. 1051; *Prewitt v.* *Trimble,* 92 Ky. 176, 17 S. W. 356, 36 Am. St. 586, and authorities therein cited, and note; *Wilson v. Carpenter,* 91 Va. 183, 21 S. E. 243, 50 Am. St. 824, and note. This being the rule, we are satisfied that the complaint stated a cause of action for rescission of the contract based upon fraud, and that the court for that reason properly overruled appellants' demurrer.

The first affirmative defense substantially admitted the allegations of misrepresentation contained in the complaint, and sought to excuse the same by alleging that the representations were made in the honest belief that appellants owned the land actually pointed out to the respondents, and believed that the description contained in the deed covered that land; but that they learned differently after this action was begun.    These allegations amounted to a showing of mutual mistake between the parties, and was therefore no defense to the demand for rescission.    5 Current Law 504, and cases cited.    It was not, and is not now, claimed that the appellants were the owners of the land which respondents alleged was the main consideration for the purchase, but it is admitted that appellants were not, and are not, owners thereof.    The appellants, therefore, did not have the power

to perform their contract. It follows that this answer constituted no defense to the action for rescission.

The second affirmative defense was that the respondents, while they had possession of the land or that portion thereof actually conveyed, had negligently permitted certain improvements thereon to deteriorate and become lessened in value, and that said improvements were worth at least $2,300 less than they were when delivered to the respondents. One of the allegations of the complaint was that the respondents had offered to return the original deed which had not been placed of record, and to execute other deeds, and restore the appellants to their original rights in said lands, which appellants refused. These allegations were denied by the general denials in the answer. This second affirmative defense therefore raised no new issue in the case. It was incumbent upon the respondents to prove the facts alleged in the complaint necessary to authorize the court to grant a decree of rescission, among which facts were that the respondents had offered to, and could, place the appellants in the same, or substantially the same, position they were in when the contract of sale was entered into. If the facts alleged in the second affirmative defense were true, they could be proved under the general denial. For this reason the court would have been justified in striking out the second affirmative answer upon motion. The record is not before us, and we do not know whether the court refused to receive evidence upon this question. We must presume that the trial court properly tried all the issues, in the absence of a record showing the contrary. The ruling of the court, therefore, upon the demurrer to the answer was not prejudicial error.

We find no error upon the questions presented and the judgment must be affirmed.

DUNBAR, ROOT, CROW, and HADLEY, JJ., concur.