[No. 10448. Department Two. April 14, 1913.]

EVALINE BRADFORD *et al.*, *Respondents*, v. CHARLES E. ADAMS *et al.*, *Appellants*.[1]

FRAUD—MISREPRESENTATIONS—MISTAKE. A vendor who incorrectly points out his boundary lines is liable in damages to a purchaser relying thereon, even though he acted under an honest mistake without intent to deceive.

Appeal from a judgment of the superior court for King county, Myers, J., entered June 9, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for deceit. Affirmed.

*Hughes, McMicken, Dovell & Ramsey, Otto B. Rupp*, and *J. B. Joujon-Roche*, for appellants.

*Hastings & Stedman*, for respondents.

MAIN, J.—The object of this action is to recover damages for fraud and deceit alleged to have been practiced in the sale of land. During the fall of the year 1907, the defendants were the owners of a tract of land described as follows: The west half of the northwest quarter of section 10, township 22, north, range 4 east, W. M. This land lies some distance south of the city of Seattle, and about one and one-half miles west of O'Brien Station. Separating the White river valley, in which O'Brien Station is, and the table land to the west, there is a bluff, approximately three hundred feet in height. The side of the bluff extending from the valley below to the brow of the hill is steep and precipitous, broken by ridges,

[1] Reported in 131 Pac. 449.

ravines and gullies. The table land from the brow of the
hill to the west is substantially level. The northeast corner
of the land above described is approximately 200 feet over
the brow of the hill to the east and the southeast corner ap-
proximately 500 feet. Extending north and south and about
75 feet west of the top of the hill, there is an old military
road. Standing in this military road where it crosses the
north line of the track in question, there is a hub or stake
with a tack in the top thereof. The level land to the west
of the brow of the hill is of good quality and valuable. The
land extending east of the brow of the hill is of little value.

Some time during the month of October, 1907, negotia-
tions looking to the purchase of the land by the plaintiffs
were begun, and on October 18 of that month, Leslie Adams,
the son of Charles E. Adams, one of the defendants, took the
plaintiffs out to show them the land and its location. The
plaintiffs claim, and their evidence is to the effect, that Leslie
Adams on this date represented to them, (1) that the hub or
stake above referred to marked the northeast corner of the
80-acre tract; (2) that the east line was above the brow of the
hill, except for a short distance at the southeast corner; (3)
that no part of the land lay east of the top of the hill except
not to exceed 3½ acres at the southeast corner. A few days
later, and on November 4, Charles E. Adams, one of the de-
fendants, again took the plaintiffs out to show them the land.
Prior to starting out, Adams had arranged with a Mr. Espy
to meet them upon the land and assist in pointing out the
corners and boundaries. The plaintiffs, Adams, and Espy
met upon the land. The plaintiffs' witnesses testify that sub-
stantially the same statements were made to them on this
occasion as to the northeast and southeast corners, the loca-
tion of the east line and the amount of land over the bluff
at the southeast corner as that made to them by Leslie Adams
on the previous occasion. The witnesses on behalf of the de-
fendants deny having made any of the representations which
the plaintiffs claimed. The plaintiffs also claim, and there is

evidence tending to show, that they relied upon the representations, that they would not have made the purchase but for them, and that they had no knowledge or other means of knowing the location of the corners and boundaries.

The plaintiffs purchased the land for a consideration of $10,000, and on November 14, 1907, received a conveyance therefor. Subsequent thereto, the plaintiffs caused a survey of the land to be made, and for the first time ascertained that the stake marking the northeast corner was approximately two hundred feet east of the hill, and the one at the southeast corner approximately five hundred feet; that there was east of the brow of the hill a much larger portion of the eighty-acre tract than three and one-half acres. Suit was brought for the purpose of recovering damages on account of the misrepresentations as to the stakes and boundaries. The cause was tried to the court and a jury, and resulted in a verdict for the plaintiffs for the sum of $525. Motion for new trial being made and overruled, the defendants appeal.

The first contention of the appellants is that there is no evidence to sustain the verdict of the jury. But an examination of the record discloses that, upon all the disputed questions of fact, the evidence was directly and positively conflicting. It was, therefore, a question for the jury, under proper instructions, to determine whether or not the plaintiffs had been defrauded. It is also argued that the court instructed the jury upon matters which were foreign to the issues and the evidence, and that the defendants were prejudiced thereby. From a careful reading of the instructions given by the trial court, there does not appear to us to be any substantial basis for this contention.

The appellants specifically complain of the instructions wherein the trial court told the jury that, if they found the misrepresentations as to corners or boundary were made, the defendants would be liable in damages, even though made honestly and without intention to deceive. From numerous decisions of this court, it has become the settled doctrine

that the vendor, when he undertakes to point out lands or boundaries to a purchaser, must do so correctly. He has no right to make a mistake except under penalty of having the contract rescinded or responding in damages. *Hanson v. Tompkins*, 2 Wash. 508, 27 Pac. 73, *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051; *West v. Carter*, 54 Wash. 236, 103 Pac. 21.

In *Freeman v. Gloyd, supra*, it is said:

"Representations involving mere matters of opinion or questions of judgment, as much within the knowledge of one party as the other, cannot be made the basis of an action to rescind or for damages, even when not in accord with the truth, but representations as to the boundaries of land are not of that sort. Such representations are regarded as representations of fact, and the owner, if he undertakes to point out the boundaries at all, must point them out correctly, under penalty of responding in damages, or to an action of rescission."

It is argued that a different rule was announced in *Curtley v. Security Sav. Society*, 46 Wash. 50, 89 Pac. 180, but that case is based upon a wholly different state of facts and when carefully read will be found to be in harmony with the view above expressed.

The judgment will be affirmed.

MOUNT, MORRIS, and FULLERTON, JJ., concur.