[No. 16652.   Department Two.   November 1, 1921.]

# J. A. STEVENS, *Respondent*, v. LYDIA SWEITZER *et al.,*<br>*Appellants.*[1]

VENDOR AND PURCHASER (15, 18)—FRAUD—MISREPRESENTATIONS. Where a party upon a sale or exchange of property undertakes to show his land to a prospective purchaser, he is bound to show the land he owns and its boundaries, if required, under penalty of responding in damages or to an action in rescission; and the vendor cannot evade responsibility on the score of being ignorant of the exact location of his own land.

HUSBAND AND WIFE (42)—ACTIONS—PARTIES. An action by the husband for rescission of an exchange of property is not demurrable for defect of parties plaintiff because the wife was not joined, where the complaint alleged ownership of the property by the husband in his own right, such allegation being sufficient in the absence of a motion to make more definite and certain.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered February 26, 1921, in favor of the plaintiff, in an action for rescission, tried to the court.   Affirmed.

*J. A. Hutcheson,* for appellants.

*E. S. Avey,* for respondent.

HOLCOMB, J.—Under the issues of fact pleaded in this case, the facts shown upon the trial amply justify the decree of rescission.   There was an exchange of properties, and representations by appellants that their lands were well timbered, and they undertook to point out their lands and the timber to respondent, but pointed out a different tract, an adjoining forty to the one owned by appellants, the one pointed out being well timbered, while the one owned by appellants had but little or no valuable timber upon it.

[1]Reported in 201 Pac. 764.

Where a party undertakes to show his land to a prospective purchaser he is bound to show the land he owns and the boundaries thereof, if required, under penalty of responding in damages or to an action in rescission. *Freeman v. Gloyd,* 43 Wash. 607, 86 Pac. 1051; *Shaw v. O'Neill,* 45 Wash. 98, 88 Pac. 111; *Bradford v. Adams,* 73 Wash. 17, 131 Pac. 449; Warvelle, Vendors (2d. ed.), 996.

Nor can the vendor evade responsibility by contending that he did not himself know the exact location of his own land, and that he undertook to procure agents to point out his own land. Furthermore, there is evidence in this case justifying the belief that appellants Sweitzer did know that the lands pointed out belonged to a relative and did not belong to appellants.

Appellants contend that their demurrer to respondent's complaint upon the ground that there was a defect of parties plaintiff, in that Eva J. Stevens, wife of the plaintiff, should be a party thereto, should have been sustained and that the court erred in overruling the same.

Respondent, in his complaint, alleged that he is the husband of Eva J. Stevens, but that he owned in his own right the property which was to be exchanged.

This manner of alleging ownership is pleading a conclusion of law, but it has always been held to be customary and sufficient as an allegation of ownership without deraigning title, in the absence of a motion to make more definite and certain. *Hester v. Stine,* 46 Wash. 469, 90 Pac. 594; *Freeburger v. Caldwell,* 5 Wash. 769, 32 Pac. 732, and we have held that the proper remedy, where the ownership is so pleaded, is by a motion to make more definite and certain. *Harris v. Halverson,* 23 Wash. 779, 63 Pac. 549.

The statute, § 5925, Rem. Code (P. C. § 1420), gives the right to every married person to acquire, hold,

enjoy, and dispose of every species of property, and to sue and be sued as if unmarried. There was no error in overruling the demurrer.

Appellants also claim that the court erred in denying their motion for security for costs. Even if erroneous, this denial works no harm to appellants and is therefore not prejudicial.

Judgment affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.