[No. 17396. Department One. November 24, 1922.]

HUGH F. WALKER *et al.*, *Appellants*, v. H. B. ADAMS, *Respondent.*[1]

FRAUD (4, 22)—MISREPRESENTATIONS—MATTERS OF FACT OR OPINION —EVIDENCE—SUFFICIENCY. There is no sufficient evidence to submit to the jury the question of the fraud of a real estate agent in showing the wrong land to the purchaser, where it appears that neither of them knew the location, they procured a man to take them to it, and found a tract which answered the description, and which the agent said he believed was the land.

Appeal from a judgment of the superior court for King county, Hall, J., entered December 30, 1920, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for fraud. Affirmed.

*Poe & Falknor* and *Chas. D. Lewis,* for appellants.

*Karr & Gregory* and *H. G. Sutton,* for respondent.

HOLCOMB, J.—On a previous appeal this court reversed and dismissed the cause of action sued upon, as against one Callendar and wife, and remanded the case for a new trial as to respondent Adams. *Walker v. Callendar,* 109 Wash. 516, 187 Pac. 380. On the new trial against Adams, the court submitted the case to a jury, and after verdict in favor of appellants, on motion therefor, entered judgment notwithstanding the verdict, and dismissed the action.

The only error involved is upon the granting of the motion for judgment n. o. v., and dismissing the action.

The ground on which we remanded the case for the trial as to Adams was that the record as it then stood showed assertions of fact as to appellant Walker about which Adams claimed to have information of which

[1]Reported in 210 Pac. 792.

Walker was ignorant. As shown in the first trial, and on the first appeal, Callendar, the owner, had never seen the land, nor had Adams, but Adams was given a description of the land and a tax receipt by Callendar and was informed by Callendar that he had been informed by someone that there was a small clearing of some five or six acres on the land to be exchanged; a small shack and an old stump puller were standing on the land. Walker and Adams drove to Mason county to examine the land, and procured a man in Shelton, named Nelson, to take them out to it. Adams was given a blueprint map by someone in order to assist in finding the Callendar land. They drove to about the place where the land was located, and found a tract of land on which was a small shack, and a clearing of about five or six acres, and there was an old stump puller standing on the land. It afterwards developed that this land was in section 36, a school section, and the land Callendar owned and was to exchange with Adams was about a half mile away. When they reached the land which they thought was the Callendar land, they examined the blueprint, and Adams said he thought that the land they were looking at fitted the description. As testified by Walker, Adams said: "This answers the description pretty well, I am satisfied this is the land." When asked, "What description?" he answered, "The description he had got of the place with a little clearing on it."

"Q. It answers the description Mr. Callendar had given him? A. Yes, sir. Q. And you knew when he said that, that was what he meant? A. That is what he meant? Yes."

It will thus be seen that what Adams said was that the land they were looking at answered the description pretty well that Callendar had given him, that he was satisfied it answered the description, and that was

the only reason Adams thought he was on the land. After returning to Seattle and to Adams office, Walker again asked him, according to his testimony, if he was satisfied that they had seen the Callendar land, to which Adams answered that he thought from the description given him that they were on the land.

From all the evidence it is apparent that Walker was aware that Adams did not know the exact location of the land and did not claim to know it. It is also evident that Adams never claimed to have such description and knowledge of the land as would enable him to identify it, or that he lead Walker to believe that he could accurately point it out. Walker testifies that Adams never at any time told him that he, Adams, personally knew about the property.

It is unfortunate that none of the parties had such a reliable description of the property as to enable Walker and Adams to locate it accurately by its appearance. But Walker and Adams were dealing at arms' length, there was no overreaching, and no fraud or misrepresentation. This is not a case where the owner of real property, or his agent, possessing knowledge as to the location of the property of which their vendee is ignorant, takes the prospective purchaser out and pretends to point out to him the property for the purpose of sale. It is therefore not a case within the principle announced in *Bradford v. Adams,* 73 Wash. 17, 131 Pac. 449.

We are forced to the conclusion that the trial court was right in granting judgment n. o. v. and dismissing the case.

Affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.