[No. 18927. Department Two. March 18, 1925.]

MARY E. AXTELL, *Appellant,* v. H. F. MacRAE *et al.,*
*Respondents.*[1]

VENDOR AND PURCHASER (25)—RESCISSION BY VENDOR—FRAUD—
RELIANCE ON REPRESENTATIONS—EVIDENCE—SUFFICIENCY. Fraudulent
representations inducing the making of a contract to sell timber are
not ground for rescission where they were not relied upon, and the
contract was re-affirmed after full knowledge upon the subject repre-
sented, and the same was not specified as a ground for rescission in
the notice given therefor.

SAME (48)—RESCISSION BY VENDOR—ESTOPPEL. Fraudulent repre-
sentations as to the buyer's means and financial ability to log tim-
ber, inducing a sale of the timber lots, are too indefinite and specu-
lative to constitute grounds for declaring a rescission of the contract.

Appeal from a judgment of the superior court for
Snohomish county, Bell J., entered March 28, 1924, in
favor of the defendants, dismissing an action for equi-
table relief, tried to the court. Affirmed.

*G. D. Eveland* and *Shank, Belt & Fairbrook,* for ap-
pellant.

*Charles H. Paul* and *Alfred J. Schweppe,* for re-
spondents.

MACKINTOSH, J.—The appellant owns a timber claim
in Snohomish county. On October 6, 1921, she entered
into a contract with the respondent to sell him the tim-
ber at a stipulated price to be paid as it was removed.
On February 27, 1922, the contract was re-executed
for the purpose of correcting an error in the descrip-
tion. At the time both contracts were executed, there
were present the respondent and the appellant and her
then attorney. On September 15, 1922, appellant be-
gan this action. Her original complaint, although in-

[1]Reported in 233 Pac. 934.

cidentally alleging that the contract had been procured by misrepresentations, was principally founded upon the allegation that the contract did not include a provision, which had been omitted by mutual mistake, requiring the respondent to commence logging the timber within six months after the execution of the contract and to continue after such commencement until it was completely removed. The prayer of that complaint was that it be reformed to include this provision and that the contract be rescinded after the reformation, for the reason that the provision had not been complied with. Thereafter the first amended complaint was filed, which elaborated the allegations of the original complaint and prayed for reformation, and for rescission on account of the failure to comply with the omitted provision and on account of misrepresentations.

Subsequently a second amended complaint was filed which for the first time sets up two separate causes of action; upon the first, the court was asked to rescind on account of misrepresentations; and on the second, that the contract be reformed, as has already been noticed, and rescinded on account of the breach of the omitted provision. A third amended complaint was filed which took the same form as its immediate predecessor in stating two causes of action and asking for relief upon each, and for further relief on the ground that the contract had been breached by the failure of the respondent to pay the taxes in accordance with the terms of the contract. Upon this complaint and the answer filed thereto and reply, the case went to trial before the court without a jury. The court found that there had been no mutual mistake and that the appellant was entitled to no reformation of the contract, and also found against the appellant on the other cause of action, and no complaint is made here as to

the court's findings in regard to the mutual mistake and reformation; the appeal is directed solely to a discussion of the alleged misrepresentations which the appellant claims entitle her to a cancellation of the contract.

A great deal of discussion appears in the briefs in regard to the effect that fraud and misrepresentations have in actions of this kind, the appellant arguing that, where misrepresentations have been made upon which the other party to the contract has relied, and which induced the making of the contract, they need not have been made through actual fraud, but that if the statements are false they entitle the other party to rescission, no mattter how much the party making the statements may have believed them to be true at the time they were made. This may be conceded to state the law and the case may be discussed upon the ground offered by the appellant; and if it is found that the respondent made representations which induced the entering into the contract, and that such statements were false and that appellant relied on them, it is unnecessary to show actual fraud in that the respondent acted in bad faith with knowledge of the falsity of his statements, but it will be sufficient if the representations were in fact false and made without knowing whether they were true or false. *Hanson v. Tompkins,* 2 Wash. 508, 27 Pac. 73; *West v. Carter,* 54 Wash. 236, 103 Pac. 21. There are three misrepresentations which the appellant says were made by the respondent which induced her to enter into the contract and upon which she relied. These we will examine separately.

(1) It is claimed that the respondent stated, as an inducement to entering into the contract—and it may here be remarked parenthetically that the appellant is not an inexperienced woman; that she had the opportunity to and did discuss the matter of her timber

claim and its disposition with qualified persons and was represented in the negotiations by an attorney and that the parties were at all times dealing at arm's length—that he had a partner who was the owner of a logging outfit ready to use in logging the timber. The evidence as to whether or not this statement was made is conflicting. The statement itself as to the existence of a partner is at best an indefinite one, for it is plainly apparent from the evidence most favorable to the appellant that a technical, legal partnership was not what the parties were talking about, and there is evidence that, in the loose, popular meaning of that word, the respondent did have what might be called a partner; that is, that there were persons interested with him in the transaction.

But assuming that the testimony was clear and convincing (as it must be in order to entitle one to relief on the ground of misrepresentations) that this representation was made and was false, the testimony is compelling that it was not relied on by the appellant, and for several reasons; the contract by its terms does not compel the respondent to do the logging; it was permissible for him to assign the contract without the appellant's consent, and the contract clearly does not contemplate that the respondent or his partner must complete the contract. Furthermore, the appellant testified that, at the time the second contract was made, on February 27, 1922, she already knew that the respondent had no partner with a logging equipment. On that date she re-affirmed the contract by executing the reformed one, clearly indicating that she was not relying upon the misrepresentations, if any had been made. More than that, repeatedly in letters after February, 1922, and before beginning this action, she advised the respondent to sell his contract. At no time in any of her communications up to the time of the

filing of the complaint was there any evidence that she was making any objection to the fact that respondent had no partner. Before beginning the action, and on August 2, 1922, she sent the respondent a notice of rescission in which she claimed the contract was rescinded by reason by respondent's breach of a provision not in the contract but which it is alleged was omitted therefrom through mistake, which provision, it was asserted, required respondent to commence operations within six months of the date of execution. This notice is only in reference to a breach of the contract; it contained no suggestion that the contract had been induced by misrepresentations. Referring to the appellant's pleadings, it clearly appears that, when the original complaint was filed, and for sometime thereafter, the alleged misrepresentation was a matter of trifling consideration. While this conduct of the appellant may not have the full legal effect which is claimed for it by the respondent of a waiver or estoppel, so that she cannot recover in any event, still it is powerfully persuasive that the misrepresentation, if made, had no inducing effect on appellant and was not relied on by her.

The trial court in passing upon this misrepresentation said: "I am unable to conclude that the element of claimed fraud consisting of false representations as to a partner with an equipment can be held to have been established." This observation expresses the view of this court, after a review of the record.

(2) The second misrepresentation that it is claimed was made is that respondent stated he had the means and ability to log the timber. The first impression that one receives from the statement is that it is so indefinite and speculative that it can hardly be deemed an expression of fact, but merely the utterance of an opinion. It would be rather too strict a rule to lay

down that persons entering into contracts are subject to have them rescinded on their statement that they have the means and ability to carry them out. But taking it that this statement is one of fact and not merely an expression of opinion, the contract itself provides no time within which the logging shall be commenced or completed, and the court has found that the contract did not contemplate any date for either event to occur. The statement, if it is proved, that the respondent had neither the means nor ability to log the timber, becomes of very little importance. The contract may be completed by his procuring those means at any time; and furthermore, testimony was introduced which showed that the respondent had business connections whereby he was, at the time of the contract, able to secure the necessary financial assistance. Moreover, considerable doubt is cast upon whether this representation was made or not by the other contentions of the appellant that she was induced to enter into the contract by the statement that the respondent had a partner who had the logging equipment necessary for the work.

The position appellant assumes rather calls to mind the attempt to ride two horses at once going in opposite directions, for if the respondent had a partner with the equipment, she was not relying on respondent's own means and ability, and that tends to show that she was relying upon the partner rather that upon respondent. The appellant's testimony in regard to this representation, on cross-examination, was that the respondent had said he would be able to get the money and equipment with which to carry out his contract, and that it was by reason of this that she entered into the agreement. The trial court found that respondent, at the "time of closing this deal, intended to engage in the enterprise of logging this timber."

There is no evidence that meets the requirements of the rule and establishes clearly that the representation was made or that it was false. What we have already said in regard to the conduct of the respondent in discussing the prior misrepresentations is equally applicable here. One cannot help being impressed with the idea that, if any of these misrepresentations were made, they were not relied on.

(3) The third and last statement claimed to be a misrepresentation is that respondent said he was a practical logger. The question at once occurs, what is a "practical logger." The respondent was a woodsman. It may be that he had never tried to log under conditions similar to those on appellant's claim, perhaps he had never attempted to take timber off the top of a mountain before, but it hardly seems that that fact would make his statement that he was a practical logger untrue. One may be a practical lawyer and so state and undertake litigation which presents a novel question of law, and still his contract of employment would hardly be rescinded on the ground of misrepresentation if it developed that he had never before had a case of that kind in his office. Assuming this statement to have been made and to have meant that the respondent was familiar with the logging business, the testimony shows that it was true, and again the same situation is met as exists in the other representations; that is, that they were not inducements which led to the making of the contract by the appellant.

It is unnecessary to discuss the question whether appellant had waived these misrepresentations by her notice of rescission, letters, original complaint and conduct, since she has been in full possession of the knowledge of what she now claims was a fraud on her in February, 1922, in regard to a partner, and in April, 1922, as to the other statements, and is estopped to

now set them up as grounds for rescission; for, as we have said, the evidence is not clear and convincing, in the first place, that the representations were ever made; and second, it is not clear and convincing that, if made, they were false; and third, the evidence is satisfactory that, if made and if false, they did not induce the appellant to make the contract and that appellant did not rely on them.

For these reasons the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.