[No. 28559.   Department Two.   March 14, 1942.]

EARL HIX ALGEE *et al., Respondents,* v. THE HILLMAN INVESTMENT COMPANY, *Appellant.*[1]

[1]Reported in 123 P. (2d) 332.

*Clarence L. Gere,* for appellant.

*Charles W. Johnson, Jr.,* for respondents.

SIMPSON, J.—Plaintiffs instituted this action to rescind, or in the alternative to reform, a real estate contract entered into between themselves and defendant. A trial to the court resulted in a judgment rescinding the contract and awarding plaintiff recovery in the sum of $555.66, less $250 for the use of the premises and depreciation. Defendant appealed.

The assigned errors which we deem it necessary to consider are in entering judgment in favor of respondents, in concluding that there was a mistake or constructive fraud chargeable to appellant, and in determining that a rescission was available to respondents.

The facts essential to be stated are these: During the month of November, 1936, respondents called at appellant's office in answer to a newspaper advertisement which read:

"A BEAUTIFUL SPOT

"On GREEN RIVER, 1 mile east of Auburn; house and barn; bottom land all cleared; upland has beautiful evergreen trees, also a spring; can have gravity flow. Full price $975; $100 down, $12 per mo. Owner, 3207 Eastlake."

Appellant sent one of its agents with respondents when they examined the property, after which, November 17, 1936, the parties entered into a contract by the terms of which respondents agreed to purchase from appellant four and one-half lots in the C. D. Hillman's Green River Addition in Division No. 1. The purchase price was in the sum of $925, payable one hundred dollars at the time of the signing of the contract and the balance to be paid in the amount of fifty dollars per month.

An additional agreement was made on the same day

between respondents and appellant by the terms of which appellant employed respondents to work for it upon a ranch at Paso Robles, California, at a monthly salary of seventy-five dollars. The employment contract provided that respondents were to receive twenty-five dollars of their salary in cash and the balance of fifty dollars would be applied on the real estate contract.

At the time respondents were shown the land, appellant's agent pointed out its boundaries. The land as pointed out by the agent was of a greater acreage than that contained in the contract. After the signing of the contracts, respondents moved to California and worked for appellant for a period of fifty-two days. They did not return to Washington until some time in the autumn of 1939. During the month of April, 1940, they learned for the first time that appellant's agent had misrepresented the extent of the land sold to them by appellant. This action was instituted May 20, 1940.

Appellant argues that the evidence produced by respondents was not sufficient to justify the court in holding that its agent pointed out more land than contained in the contract and that the evidence did not prove a mistake or constructive fraud on the part of appellant.

■ This court has many times held that one who indicates to a purchaser that the land sold has a certain area when, as a matter of fact, the deed or contract of purchase contained a less amount, is responsible to the purchaser even though he acted under an honest mistake without any intent to deceive.

In *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051, this court announced the rule to be:

"Representations involving mere matters of opinion or questions of judgment, as much within the knowledge of one party as the other, cannot be made the basis of an action to rescind or for damages, even, when not

in accord with the truth, *but representations as to the boundaries of land are not of that sort. Such representations are regarded as representations of fact, and the owner, if he undertakes to point out the boundaries at all, must point them out correctly, under penalty of responding in damages, or to an action of rescission.*" (Italics ours.)

We have consistently followed that rule in *Shaw v. O'Neill,* 45 Wash. 98, 88 Pac. 111; *Bradford v. Adams,* 73 Wash. 17, 131 Pac. 449; *Haven v. Anderson,* 87 Wash. 234, 151 Pac. 489; *Stevens v. Sweitzer,* 117 Wash. 420, 201 Pac. 764; *Pratt v. Thompson,* 133 Wash. 218, 233 Pac. 637; *Stanley v. Parsons,* 156 Wash. 217, 286 Pac. 654; and *Lou v. Bethany Lutheran Church,* 168 Wash. 595, 13 P. (2d) 20. See, also, 5 Williston, Contracts (Rev. ed. 1933), 4189, § 1500.

█ The trial court heard the evidence relative to the actions and representations of appellant's agent at the time the land was shown to respondents. The testimony as related to the court was sufficient to justify it in entering judgment for respondents.

In this case we are, to a larger extent than usual, dependent upon the findings of the trial court for the reason that the testimony relative to a map of the property introduced in evidence was very indefinite. Several witnesses used the map while testifying to the representations concerning the boundaries of the land and while so doing indicated portions of land as *here* and *there* without making any identification marks to indicate to an examiner of the record the point or portions concerning which they were testifying. As an example, we set out a part of the testimony of respondent Earl H. Algee:

"A. Well, here was the south boundary, this fence. And here was the north boundary. This is all I was interested in, from the county road to Green River, this little valley along the waterfront. How much or how

little was up here, I wasn't interested in because it practically has no value. It was all bluffs and hard to climb up and down. But I was interested in this (indicating)."

■ ■ Appellant next contends that respondents ratified the contract by making several payments after the filing of the complaint, and were also guilty of laches in beginning the action. Its counsel cite, as determinative of the questions, *Thomas v. McCue,* 19 Wash. 287, 53 Pac. 161; *Angel v. Columbia Canal Co.,* 69 Wash. 550, 125 Pac. 766; *Pearson v. Gullans,* 81 Wash. 57, 142 Pac. 456; *Blake v. Merritt,* 101 Wash. 56, 171 Pac. 1013; *Stubbe v. Stangler,* 157 Wash. 283, 288 Pac. 916. These cases hold that he who desires to avoid a contract induced by the fraud of another must proceed with reasonable promptitude after the fraud is discovered or forfeit his right to rescind.

It appears to us, as it did to the trial court, that respondents proceeded with reasonable promptitude to institute their action after discovery of the fact that the contract failed to describe all of the land which they had every reason to believe they were purchasing. It is true that a considerable length of time elapsed between the signing of the contract and the discovery of the fraud. Lapse of time in itself, however, cannot spell neglect or amount to a failure to use reasonable diligence to ascertain the boundaries of land purchased.

In this case, respondents did not occupy the property nor see it for a considerable length of time after they signed the contract, due, in part, to the fact that they were trying to make the payments set out in the contract by working for appellant at Paso Robles, California. The payments made after it was discovered that the contract did not include as much land as pointed out and after action was instituted were

not made by respondent with any idea of retaining the property, but were made, as testified to by respondent Earl Algee, that "I didn't want to lose it."

It is clearly apparent that respondents did not make the payments with the thought of retaining the property. They paid it with a mistaken idea that they were compelled to make them or forfeit their rights.

We are of the opinion that respondents did not ratify the contract and that they were not guilty of laches.

Finally, appellant contends that the court was not justified in holding that respondents were damaged in any considerable amount. The evidence relative to this question was in conflict. From a careful reading and consideration of the evidence, however, we have arrived at the conclusion that the trial court was justified in its findings relative to the recovery and the amount allowed for use and depreciation of the property.

Judgment affirmed.

ROBINSON, C. J., BLAKE, BEALS, and JEFFERS, JJ., concur.