[No. 11453.   Department Two.   December 31, 1913.]

Theodore F. Wetternach *et al., Appellants,* v. Jones-Thompson Investment Company, *Respondent.*[1]

Vendor and Purchaser—Remedies of Vendee—Rescission—Defects In Title—Discretion—Laches. It is not an abuse of discretion to refuse a rescission of a contract, asked on the ground of partial failure of defendant's title, where defendant acted in good faith and upon notice of the defect set about to perfect the title, which was done before judgment, and where plaintiffs did not promptly rescind on notice of the defect, but thereafter made valuable improvements, for which recovery was sought; since rescission is not a matter of right, and is defeated by laches.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 31, 1913, upon findings in favor of the defendant, dismissing, on the merits, an action for rescission. Affirmed.

*Million & Houser* and *George Friend,* for appellants.

*Douglas, Lane & Douglas,* for respondent.

Mount, J.—The plaintiffs brought this action to rescind a contract of sale of real estate, upon the ground that title to the property sold was not in the defendant. On the trial of the case, the court permitted the defendant to show that, during the trial, it had made good the title to the property

[1]Reported in 137 Pac. 442.

which had been conveyed to the plaintiffs. The court thereupon dismissed the action, but taxed the costs against the defendant. The plaintiffs have appealed from that judgment.

There is no serious dispute in the facts, which are as follows: On December 19, 1907, the appellants purchased from the respondent lot 3, in block 27, and lot 8, in block 28, in Earlington Acre Tracts, in King county, and agreed to pay therefor $1,600. Three hundred dollars was paid in cash, and the remainder was paid in quarterly payments of $60 each. These payments were all completed on the 20th day of October, 1909, when the respondent executed and delivered to the appellants a warranty deed to said lots with the usual covenants.

At the time the original contract was entered into, the appellants were shown by the respondent a map or plat, showing the size of the lots. This plat had been made by the respondent upon the supposition that it owned all of the land included therein. Lot 3, in block 27, was shown upon said plat as being on one side of Fourth street, and lot 8, in block 28, was shown as being on the other side of Fourth street. This street was shown upon the plat as a street 60 feet in width. The appellants purchased the property believing the plat to be correct, and that the respondent owned all the land included within the plat.

After the execution of the deed, in October, 1909, the appellants discovered that the strip of land between the two lots was owned by the Seattle-Tacoma Power Company; and that this company also owned a small fraction in the corner of lot 8, in block 28, which fraction amounted to about one-thirtieth of an acre. The appellants thereupon called the attention of the respondent to these facts, and the respondent set about obtaining a deed from the owner of the land upon which the street was located, and of the small tract at the corner of lot 8. The appellants after this time improved the lots by fencing them. They have been in the continuous pos-

session of the lots since the date of the contract. They have cleared the lots of stumps and brush. Fourth street has, for twenty years past, been used as a public highway. The appellants, before the action was begun, tendered a deed to the respondent and demanded the return of the purchase price with interest, and also the cost of the improvements which they had placed upon the property. These improvements were claimed to be worth $400. The respondent declined to rescind the contract and this action was brought.

The appellants claim that their rights became fixed when they tendered a deed of the property back to the respondent and that they are entitled to rescind and to recover back the money paid and the value of the improvements upon the lots. But we think this does not necessarily follow. In the case of *Thomas v. McCue*, 19 Wash. 287, 53 Pac. 161, this court, at page 292, said:

"Recission is a remedy which is not to be invoked as a matter of course or of absolute right, but, like specific performance, its exercise rests in the sound discretion of the court. 2 Warvelle, Vendors, p. 833. A court of equity in rescinding a contract proceeds upon the assumption that it can result in no injustice to place both parties in the position in which they were prior to the making of the contract; and this can only be fairly done, in cases of contracts in relation to land whose value is largely speculative and subject to sudden changes, soon after the contract is entered into. Before a party can justly claim a rescission he must not only show that the opposite party is derelict, but that he himself is without fault, for the law permits no one to take advantage of his own wrong to terminate a contract which he has knowingly and voluntarily made. There is another principle adopted by the courts and which is often a controlling one in cases like the present, and that is that, where one party to a contract intends to rescind it on account of a breach of it by the other, he must elect to do so speedily on the discovery of such breach. Delay in rescission is evidence of a waiver of the misconduct of the other party and is itself deemed an election to treat the contract as valid and binding."

A number of authorities are cited to support this rule. The only complaint made by the appellants in this case is that they purchased the lots supposing that a street was between the lots, and that the lots were of the size represented on the plat. The trial court found that the plat was made in good faith, and that the respondent believed, at the time it was made, that it was the owner of all the property included within the plat, and that the street between these two lots was properly dedicated. Although the street had been occupied as a street for a period of twenty years, it was discovered that it had never been dedicated to public use. Upon learning this, the respondent set about obtaining a dedication of the street. This was concluded before a judgment was entered in the case. The respondent also obtained a deed to the small fraction in the corner of lot 8 and tendered it to the appellants. In short, the appellants have obtained now all that their contract called for. We think it was within the discretion of the trial court to refuse a rescission under these circumstances, because rescission, as was said in *Thomas v. McCue*, is not to be invoked as a matter of course or of absolute right, but rests in the sound discretion of the trial court. If appellants intended to rescind, they should have done so at the time they discovered that the street had not been dedicated. They did not do so at that time, but afterwards placed improvements upon the property by constructing a fence thereon, and permitted the respondent to negotiate with the owner of the land upon which the street was located for the dedication of the street, and for a deed to the fractional corner. We think, under these circumstances, that it was no abuse of discretion on the part of the trial court to refuse a rescission.

The judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.