[No. 11875.  Department One.  August 10, 1914.]

CARL W. PEARSON *et al.*, *Appellants*, v. CAROLINE GULLANS *et al.*, *Respondents*.[1]

CONTINUANCE—GROUNDS—SURPRISE.  It is not error to deny a continuance upon granting leave to amend the answer, where the amendment pleaded facts within the knowledge of the plaintiffs and which they should have been prepared to meet under the general issue, and it does not appear that prejudice resulted thereby.

PLEADING—TRIAL AMENDMENT—DEFINITENESS—PREJUDICE.  A trial amendment of the answer is not indefinite and uncertain if sufficient to apprise plaintiffs of defenses relied on; the facts pleaded being within their knowledge, and, in effect, proven by calling one of them to the stand.

APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.  Error cannot be predicated upon the exclusion of evidence as to a conversation after having admitted part of it, where the entire transaction was testified to by other witnesses.

COSTS—TAXATION—WITNESS FEES.  Mileage of a witness may be taxed as costs though the witness failed to report attendance to the clerk from day to day as provided by statute, if the witness was called to the stand and testified.

EXCHANGE OF PROPERTY—FRAUD—RESCISSION—WAIVER—LACK OF DILIGENCE.  Rescission will not be allowed plaintiffs, parties to a contract for an exchange of properties, who, after ample time to ascertain alleged fraud inducing the exchange, treated the land as their own and offered it for sale for their own benefit, and several months later brought suit to rescind.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—WAIVER—LACHES.  The right to rescind must be promptly exercised and will not be granted to vendees, where the parties had ample time to inspect the land, did so inspect it, treated it as their own, and later offered it for sale without notice to the vendors of any dissatisfaction, and delayed four months longer before bringing suit to rescind.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 4, 1913, upon findings in favor of the defendants, in an action for rescission of a trade of lands, tried to the court.  Affirmed.

[1]Reported in 142 Pac. 456.

*Coleman, Fogarty & Anderson,* for appellants.

*Saunders & Nelson* and *C. A. Applegren,* for respondents.

CHADWICK, J.—This action was begun by plaintiffs, praying for the cancellation of a deed to property conveyed by the plaintiffs to the defendants in exchange for three hundred and sixty acres of land in the state of Michigan, deeded by defendants to plaintiffs. The transaction took place in the month of February, 1912. Plaintiffs went upon the land on the second day of May and again on the second day of July. They had not seen the land at the time of the exchange, and now contend that the facts with reference to it were fraudulently represented and concealed by the defendants. At the time of the transfer, plaintiffs executed a mortgage in favor of the defendants for the difference in the agreed value of the two properties. About July first, 1912, plaintiffs gave an option to purchase the Michigan land. At the same time, they telegraphed to the defendants that the land had been sold, and requested them to forward a release of the mortgage, which was done. This action was begun in October, 1912. The court, after a full hearing, held that the delay in bringing the suit to rescind, coupled with the fact that the defendants had treated the property as their own and had negotiated for its sale, was a bar to a rescission.

The first error complained of is that the court denied a continuance after giving respondents leave to amend their answer upon the trial. The answer, after admitting the exchange, denied the fraudulent representations. The amendment pleaded the fact that appellants had discovered all of the facts relied on as early as May second, 1912; that, after they had discovered such facts, they had treated the land as their own, offering it for sale for their own benefit. This was not error, for several reasons. The amendment plead facts within the knowledge of the appellants and which they should have been prepared to meet under the general issue,

for the very essence of a complaint for a rescission is that the contract has not been affirmed. Appellants say, if the trial court had granted a continuance, they "possibly" would have been able to obtain testimony to show why the party who held the option refused to purchase the land, and would "probably" have been able to produce a copy of the telegram and other documentary evidence. The reason why the land was rejected by the option holder and the form of the telegram could not have been material. The fact of the option and the release were the ultimate facts. But granting that this testimony was material and not cumulative, appellants might have made a showing of prejudice upon a motion for a new trial. We find nothing in the record to indicate that this was done. It does not appear upon the whole record that appellants were prejudiced in any way by the amendment.

It is also complained that the amendment should have been more definite and certain. We find no merit in this contention. It was sufficient to apprise appellants of the defenses relied on; the facts pleaded being within their knowledge, and, as it transpired, proven, in the main, by calling one of them to the stand.

It is also complained that the court excluded evidence as to an entire conversation, having admitted a part of it. There was no prejudice, inasmuch as the entire transaction was gone into and was testified to by other witnesses.

It is complained that the court erred in taxing costs; that one Maud Gullans was allowed mileage from Vancouver, Washington, to Everett, Washington, she being a resident of the state of Oregon, and having failed to report her attendance to the clerk from day to day. The case of *Daniels v. Spear*, 65 Wash. 121, 117 Pac. 737, is relied on. The statute was passed to cure an existing evil, that is, the procurement of witnesses who were not called in good faith. Manifestly, if a witness is called to the stand and testifies, the object of the statute is accomplished. It was so held in *Hall v. Northwest Lumber Co.*, 61 Wash. 351, 112 Pac. 369.

Upon the merits of the case, we are satisfied that the court arrived at a correct conclusion. This court has been more than liberal, even generous, in allowing a rescission of fraudulently induced contracts for the purchase of land; but our attention is called to no cases holding that a vendee can, after ample time to ascertain the facts and after undertaking to turn the land into a fair bargain on his own account and after a lapse of several months, rescind his contract. The decision of the trial judge is consistent with the rule announced by this court in the following cases: *Thomas v. Mc-Cue*, 19 Wash. 287, 53 Pac. 161; *Stelter v. Fowler*, 62 Wash. 345, 113 Pac. 1096, 114 Pac. 879; *Angel v. Columbia Canal Co.*, 69 Wash. 550, 125 Pac. 766; *Wetternach v. Jones-Thompson Inv. Co.*, 77 Wash. 144, 137 Pac. 442.

It is contended that the acts of the appellants were not inconsistent with the right to rescind; that they were no more nor less than an effort to save themselves from further loss. Courts have frequently held, under inducing circumstances, that an offer to sell may not be inconsistent with the right of rescission; but where, as in this case, the parties had ample opportunity to inspect the land and did inspect it without demur, and sixty days thereafter offered it for sale without any notice to the vendors that they were dissatisfied with their bargain, and not having brought an action for nearly four months after they had offered it for sale, rescission has never been approved by the courts so far as we are informed. The right to rescind must be promptly exercised. It is universally held that the purchaser cannot treat property as his own and enjoy the right to rescind any more than the purchaser of personal property can depend upon an express warranty of quality and at the same time rescind a bargain.

We find no error, and the judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.