[No. 14255. Department One. April 5, 1918.]

MAY BLAKE, *Appellant*, v. W. H. MERRITT, *Respondent*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD—WAIVER. Fraud in the sale of land, in that the land conveyed was not the land shown and purchased, is waived, where after knowledge of the fraud, the vendee made two payments on the contract and paid the taxes, and did not commence suit for six months.

SAME—FORFEITURE OF CONTRACT—DEFENSES—ESTOPPEL. Vendee, prosecuting an action for rescission, cannot defeat forfeiture of the contract for nonpayment of installments on the ground that the vendor had accepted payments after they were past due, as such contentions are inconsistent.

Appeal from a judgment of the superior court for King county, Edward H. Wright, J., entered December 18, 1916, dismissing an action for money paid, notwithstanding the verdict of a jury in favor of the plaintiff, after a trial on the merits. Affirmed.

*Douglas & Douglas* and *A. H. Wiseman,* for appellant.

*Saunders & Nelson* and *George Harroun,* for respondent.

MAIN, J.—The plaintiff, claiming to have previously rescinded a contract for the purchase of real estate on the ground of fraud, brought this action to recover the money which had been paid in pursuance of the contract. The defendant denied the fraud and, by way of affirmative defense, claimed a forfeiture on account of

[1]Reported in 171 Pac. 1013.

the default of the plaintiff in making the payments as required by the contract. The affirmative defense was denied by a reply. The questions of fact were submitted to a jury and resulted in a verdict in favor of the plaintiff in the sum of $1,398.32. Within the time required by law, the defendant moved for a judgment in his favor notwithstanding the verdict. This motion was sustained and a judgment entered, denying the right of the plaintiff to recover, and forfeiting the contract unless the plaintiff, within sixty days from the entry of the judgment, should pay the balance due thereon in the sum of $871.60. From this judgment the plaintiff appeals.

The facts may be briefly stated as follows: On August 4, 1909, the appellant purchased from the respondent ten acres of land in Snohomish county. This land is located approximately two miles from the town of Edmonds, and within easy distance from the city of Seattle. The parties to the contract both resided in the latter city. A few days before the contract was executed, the respondent took the appellant out to show her the land. After going as far as they could upon the highway, they alighted from the vehicle in which they were riding and started to walk to the land. They went but a short distance and returned. The appellant claims that the land that she purchased was the land upon which they went, and was bordering upon the highway. The respondent claims that he did not; in fact; and did not intend to, sell the land near the highway, and that he told the appellant that the land which he contemplated selling her was about three quarters of a mile distant. He also claims that he desired the appellant to go and see the land which he contemplated selling, but, owing to the fact of its being a warm day and the tramp to the land not being an easy one, the appellant concluded not to make the trip, but

to purchase the land on the respondent's representation that it was land in general character like that upon which they then were. A few days later, the written contract above referred to was entered into, by which the appellant agreed to purchase the ten acres of land described therein for the sum of $1,500, $300 of which was paid at the time, and the balance, or $1,200, was to be paid at the rate of $10 per month. The land described in the contract is the land mentioned as being three quarters of a mile from the highway. The appellant testified that, during the early part of the year 1914, she first became suspicious that the land described in the contract was not the land near the highway which she had seen. A portion of her testimony on the subject is as follows:

"It was some time in the early part of 1914 when I became suspicious that the land described in the contract was not the land I really thought I bought. I discovered that I had been deceived at the time when the taxes were due in 1914. It was tax paying time, some time between March and June, 1914.

"It must have been some time before June, 1914, that Mr. Merritt and I had the conversation in which he told me that my land was not on a county road, and when he said 'that day when we went out to look at the land we were not right on your land.' "

Subsequent to the conversation detailed by the appellant, in which she says that the respondent told her that the land which she purchased was not near the road, and on June 2, 1914, she made a payment of $10 on the contract, and on August 3, 1914, a payment of $20. During the spring of 1915, she paid the 1914 taxes. During the summer of 1915 the appellant caused the land described in the contract to be located by a surveyor and for the first time saw it. After seeing the land, and having some negotiations with the respondent, she claims to have rescinded the contract.

On January 10, 1916, the present action was begun. If there is fraud in this case, it is because the land described in the contract was not the land sold. The evidence took a somewhat wider range; but, without reviewing it here in detail, it may be said that the evidence will not sustain a charge of fraud in any other particular. The question whether the land sold was that described in the contract was submitted to the jury under a proper instruction, and the verdict of the jury will be accepted as determinative of this question.

It is first claimed that the trial court erred in granting the judgment notwithstanding the verdict. Whether this was error, depends upon whether the appellant, by making the payments on the contract and the payment of taxes subsequent to the time when she knew that the land described in the contract was not that which she claimed to have purchased, and by her delay in bringing the action, had waived her right to rescind the contract on the ground of fraud. The rule is that one who seeks to avoid a contract which he has been induced to enter into by fraudulent representations of another touching the subject-matter of the contract, must proceed with reasonable promptitude upon discovering the fraud, or the right to rescind will be waived. *Angel v. Columbia Canal Co.*, 69 Wash. 550, 125 Pac. 766; *Thomas v. McCue,* 19 Wash. 287, 53 Pac. 161; *Pearson v. Gullans,* 81 Wash. 57, 142 Pac. 456.

From the appellant's own testimony, it appears that she knew of the fraud prior to the month of June, 1914. Subsequent to this, she made two payments on the contract—$10 on June 2, 1914, and $20 on August 3, 1914. Sometime during the spring of 1915, she paid taxes for the previous year. The present action was brought on January 10, 1916. Under these undisputed facts, it must be held that the right to rescind had been waived. The appellant did not proceed with reasonable prompti-

tude upon discovering the fraud, if fraud were committed, and made the payments referred to with full knowledge thereof. The appellant claims that she is not barred of her right to prevail by reason of laches, but the doctrine of laches is not applicable to this case.

It is next claimed that the trial court erred in entering the judgment of forfeiture, even though such judgment was a conditional one and gave the appellant sixty days in which to meet the balance due. In support of this contention, it is argued that the respondent was not in a position to forfeit the contract because he had repeatedly accepted payments subsequent to the time that they were due and had thereby waived the clause in the contract which made time of the essence thereof; but this contention is hardly consistent with the contention that the contract had been rescinded. The appellant cannot wage her action on the theory of rescission, and at the same time urge the contract for the purpose of defeating the respondent's right to forfeit. She cannot in the same action proceed on the theory that the contract has been rescinded and also seek to enforce the terms of the contract. *Myers v. Calhoun, Denny & Ewing*, 85 Wash. 689, 149 Pac. 19.

The appellant will have sixty days after the remittitur from this court is filed in the superior court in which to comply with the judgment of the superior court covering the matter of forfeiture.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.