[No. 22241. Department Two. June 5, 1930.]

C. STUBBE et al., *Respondents*, v. EDUARD STANGLER, *Appellant*.[1]

*Lloyd L. Black,* for appellant.

*A. E. Dailey,* for respondent.

MAIN, J.—The plaintiffs brought this action to rescind a contract for the purchase of real estate, because they claimed to have been defrauded. The cause was tried to the court without a jury, and resulted in findings of fact, from which the court concluded that the claim of the plaintiffs had been sustained. Judgment was entered, rescinding the contract and awarding to the plaintiffs the amount which had been paid thereon. From this judgment, the defendant appeals.

[1]Reported in 288 Pac. 916.

The respondent C. Stubbe will be referred to as though he were the only party on that side of the controversy.

For some years prior to February 24, 1926, the appellant had been the owner of a small ranch, consisting of about twenty-five acres, in Snohomish county, a few miles from the city of Everett. On that date, he contracted to sell the same to .the respondent for the sum of $8,000, $1,000 of which was paid at the time, and the balance was to draw interest at the rate of six per cent per annum, payable semi-annually. About a year prior to the making of this contract, the appellant had conveyed to the Puget Sound Power & Light Company a right of way across the land for a power line. Prior to making the purchase, the respondent visited the ranch, and, at that time, two or three poles had been set on the right of way, and about the same number of wires had been strung thereon, for the purpose of carrying electric current for power and light. The down payment of $1,000 was made by the respondent conveying to the appellant an equity in another tract of land which was also near the city of Everett.

After the terms of the purchase or exchange had been agreed upon, the appellant furnished the respondent an abstract, which the latter caused an attorney to examine, and paid him a fee therefor. The abstract showed the prior conveyance of the right of way to the power company. The attorney who examined the abstract drew the contract for the property in question, but, through oversight, no exception was made therein as to the right of way which had previously been conveyed. The appellant, by cross-complaint, sought to have the contract corrected on the ground of mutual mistake of fact. After the contract was signed, the respondent went into possession of the property, and

the present action was not instituted until the latter part of September, 1928.

 It is first contended that, since the abstract showed the right of way conveyance to the power company, and the attorney who examined the abstract was the attorney for the respondent, he was thereby charged with knowledge of what the abstract contained. This contention must be sustained. The knowledge of the attorney of the conveyance to the. power company was chargeable to the respondent, even if it be assumed that the respondent did not have sufficient knowledge prior to making the contract to put him on inquiry as to the extent of the rights of the power company. *Schmidt v. Olympia Light & Power Co.,* 46 Wash. 360, 90 Pac. 212; *Deering v. Holcomb,* 26 Wash. 588, 67 Pac. 240, 561; *Hyman v. Barmon,* 6 Wash. 516, 33 Pac. 1076; *Freeman v. Evans,* 159 Fed. 26.

From this it follows that, when the respondent purchased the property, he took it charged with knowledge of whatever rights the power company had therein. The charge of fraud was that the respondent had been deceived as to the extent of the rights of the power company in the strip which had been conveyed to it. From the findings, it does not appear that the trial court gave sufficient consideration to the fact that the knowledge of the attorney was knowledge to the client.

 In addition to this, as above stated, the contract was entered into February 24, 1926, and the present action was not begun for more than two years thereafter. Subsequent to the time the respondent discovered that the strip of land had been sold to the power company, he made two payments upon the contract in substantial amounts. His testimony was as follows:

"Q. Now, Mr. Stubbe, you say that in June, 1926, you discovered that this land had been sold to this power line? A. Yes. Q. That was in June, 1926? A. Yes. Q. Then, on October 21, 1926, you paid two hundred and ten dollars on this contract, didn't you? A. Yes. Q. And on April 23, 1927, you paid two hundred and ten dollars? A. Yes, sir."

After the respondent's case had been closed and there was some argument, he was permitted to reopen the case, and gave testimony which had some tendency to weaken the force of the testimony just given, but did not materially do so. It thus appears that, after the respondent was charged with notice of the rights of the power company and also had knowledge thereof, as he testified, he made the two payments which his testimony discloses. The rule is that one who seeks to avoid a contract on the ground of fraud must proceed with reasonable diligence upon the discovery of the fraud, or the right to rescind will be lost. Here the respondent did not proceed for more than two years, and this is fatal to his right to a rescission. In *Christiansen v. Parker,* 152 Wash. 149, 277 Pac. 445, it is said:

"The situation then is that, not later than the spring of 1927, the respondents had knowledge of the condition of the cleared land, and were charged with knowledge of the discrepancy in the acreage, as well as what they would have discovered, had they made inquiry with reference to the dams being in the ditches. After this, and in the fall of 1927, the respondents paid $4,000 on the contract. As stated, the action to rescind was not brought until July 5, 1928, more than a year after what is claimed to be fraud was discovered or should have been discovered. The rule is that one who seeks to avoid a contract on the ground of fraud, must proceed with reasonable diligence upon the discovery of the fraud, or the right to rescind will be lost. In *Pearson v. Gullans,* 81 Wash. 57, 142 Pac. 456, it was said:

" 'This court has been more than liberal, even generous, in allowing a rescission of fraudulently induced contracts for the purchase of land; but our attention is called to no cases holding that a vendee can, after ample time to ascertain the facts and after undertaking to turn the land into a fair bargain on his own account and after a lapse of several months, rescind his contract. The decision of the trial judge is consistent with the rule announced by this court in the following cases: *Thomas v. McCue,* 19 Wash. 287, 53 Pac. 161; *Stelter v. Fowler,* 62 Wash. 345, 113 Pac. 1096, 114 Pac. 879; *Angel v. Columbia Canal Co.,* 69 Wash. 550, 125 Pac. 766; *Wetternach v. Jones-Thompson Inv. Co.,* 77 Wash. 144, 137 Pac. 442.'

"In *Blake v. Merritt,* 101 Wash. 56, 171 Pac. 1013, it was said:

" 'The rule is that one who seeks to avoid a contract which he has been induced to enter into by fraudulent representations of another touching the subject-matter of the contract, must proceed with reasonable promptitude upon discovering the fraud, or the right to rescind will be waived (citing authorities).'

"The respondents did not proceed with reasonable diligence after they should have discovered what they now claim to be fraud, and therefore cannot rescind."

There may be another reason why the respondent, in law, would not be entitled to rescind under the facts of this case, but what has already been said is sufficient upon that question.

The appellant, upon his cross-complaint, was entitled to have the contract reformed. The attorney who examined the abstract and drew the contract, as above indicated, testified that it was through mistake and inadvertence that the right of way to the power company was not excepted in the contract. The evidence in the case makes it clear that the respondent intended to purchase, and the appellant intended to sell, subject to the right of the power company. The ap-

pellant was entitled to have the contract corrected on the ground of mutual mistake of fact.

The judgment will be reversed and the cause remanded, with direction to the superior court to dismiss the action of the respondent and enter a judgment reforming the contract as prayed for in the cross-complaint.

MITCHELL, C. J., FULLERTON, and TOLMAN, JJ., concur.

HOLCOMB, J., dissents.