[No. 23708. Department One. August 30, 1932.]

PACIFIC FRUIT & PRODUCE COMPANY, *Appellant*, v. M. F. SCHONS *et al.*, *Respondents*.[1]

[1]Reported in 14 P. (2d) 17.

*Patterson & Patterson,* for appellant.
*Wm. A. Grimshaw,* for respondents.

MITCHELL, J.—On August 5, 1927, M. F. Schons and wife and Edward W. Cain and wife, as owners, by written contract agreed to sell, and J. G. DeBord and W. L. DeBord agreed to buy, a certain tract of land in Chelan county, situated on Quill-toc-Chin creek, containing one hundred thirty acres, more or less,

"Together with seven inches of water under a four-inch pressure from the Philip Miller Irrigating System, out of the water already made appurtenant to land in the Southeast Quarter of Section 22, Township 22 N. Range 20 E. W. M. said seven (7) inches of water to be used on 50.8 acres of the above described land, six shares in the Wenatchee Heights Water Company and six shares in the Spring Hill Irrigation Company."

The consideration was $21,000, upon which $7,000 was paid and the remainder of the purchase price was to be paid as follows: $1,500 on or before November 15, 1928; $2,000 on or before November 15, 1929; $3,000 on or before November 15, 1930; $3,000 on or before November 15, 1931; $3,000 on or before November 15, 1932; and $1,500 on or before November 15, 1933, deferred payments to bear interest. The instrument provided that time is of the essence of the contract as to dates and amounts of payments of principal and interest, payment of taxes, and caring for the orchard and crops; and in case of any default, the vendors may at their option forfeit the contract, and all rights of the purchasers in the premises and under the contract shall cease, and all payments made or improvements placed on the land shall be forfeited and become the property of the vendors.

The purchasers went into possession. The property was valuable as a commercial apple orchard. J. G.

DeBord and wife assigned their interest in the contract to W. L. DeBord November 26, 1927, without the consent of the land owners. On February 21, 1928, W. L. DeBord leased the lands to J. G. DeBord for a term ending December 31, 1928, without consent of the land owners. On March 8, 1928, the DeBords, by their written instrument, assigned to the Pacific Fruit & Produce Company all of their interest in the real estate contract as security for cash and supplies to be furnished under a crop contract dated March 8, 1928, for that and subsequent years. The land owners consented to this assignment, without its modifying their rights under the real estate contract.

November 27, 1928, W. L. DeBord executed and delivered a quit claim deed to the property to the Wenatchee Produce Company, without the consent of the land owners. On March 30, 1928, the DeBords, the Pacific Fruit & Produce Company, and the Wenatchee Produce Company entered into a written contract in the nature of a chattel mortgage to the Wenatchee Produce Company to secure the payment of notes of the DeBords in the sum of $1,000 for furnishing material and installing an orchard sprayer on the premises, according to the obligation of the DeBords in their real estate contract with Schons and Cain. This chattel mortgage was consented to by the land owners without its modifying the terms of the real estate contract.

The DeBords raised apples on the place in 1927 and 1928, and upon moving off the place in November, 1928, surrendered possession to the Pacific Fruit & Produce Company. The 1928 crop was raised and marketed under the supervision of the Pacific Fruit & Produce Company, and on November 15, 1928, the company paid Schons and Cain, through a Wenatchee bank, $2,620, the same being the installment and interest due on that

date on the real estate contract from Schons and Cain to the DeBords.

On February 19, 1929, without the knowledge or consent of Schons or Cain, the Pacific Fruit & Produce Company entered into a written contract with Clay P. Butler by which they agreed to sell to him the orchard land in question for $24,000, payable in installments, some of which fell due on the 15th day of each succeeding November, the same dates payments were owing Schons and Cain on their contract with the DeBords. Butler raised a crop of apples on the place in 1929 under the supervision of the Pacific Fruit & Produce Company, through which the crop was sold, and thereafter and in that year surrendered possession of the place to the Pacific Fruit & Produce Company. On November 15, 1929, the Pacific Fruit & Produce Company again paid to Schons and Cain, through a Wenatchee bank, $3,000 principal and interest due on the real estate contract of August 5, 1927. In the year 1930, an apple crop was raised and harvested on the place by and under the direction of the Pacific Fruit & Produce Company.

On November 14, 1930, the district manager for the Pacific Fruit & Produce Company requested Schons and Cain each for an extension of time until the following week to make payment of $3,000 and interest due on the real estate contract the next day, saying that they, the Pacific Fruit & Produce Company "had a deal to sell the place and believed the purchaser would pay it." The extension requested was granted on condition that there would be certainty of payment the following week. However, on the next day, November 15, 1930, the Pacific Fruit & Produce Company, as assignee of the contract rights of the DeBords in the real estate contract of August 5, 1927, served a written notice, dated November 14, 1930, on Schons and Cain that the

amount of water called for by the contract had not been furnished, and

"Consequently we wish to advise you and do hereby advise you that we elect to rescind said contract and hereby tender to you a conveyance of the same and possession thereof upon the condition that you repay to us the sum of $10,500.00 which has been heretofore paid upon the purchase price thereof."

The offer was not accepted. It appears from the testimony of Schons and Cain that the notice served on November 15, 1930, was the first complaint made to them or either of them concerning the amount of water received on the lands. Two days later, November 17, 1930, the Pacific Fruit & Produce Company took from Clay P. Butler and wife a quit claim deed to the land, manifestly intending thereby to clear the land of any cloud or claim of right in Butler under the real estate contract theretofore given to him by the Pacific Fruit & Produce Company.

On November 24, 1930, Schons and wife and Cain and wife served on W. L. DeBord, J. G. DeBord and wife, Pacific Fruit & Produce Company, Wenatchee Produce Company, and Clay P. Butler and wife, written notice of intention to forfeit the real estate contract of August 5, 1927, unless within thirty days from that date delinquent payments under the contract were made consisting of an installment of $3,000 and interest that fell due on November 15, 1930, delinquent taxes for 1928 in the sum of $378.82 with interest and penalties, and delinquent taxes for 1929 in the sum of $351.54 with interest and penalties, such notice being given, as declared in the instrument, under the time essence clause of the contract, and with the declared purpose to enforce all penalties as in the real estate contract provided for. The notice and demand not being complied with, the Schons and Cains, on December

27, 1930, served on each and all of the parties on which the notice of intention to declare a forfeiture had been served, a declaration of forfeiture of the contract and claim for all penalties and advantages as provided in the contract and as indicated in the notice of November 24, 1930; and thereafter took peaceable possession of the premises.

The Pacific Fruit & Produce Company brought suit, and by its amended complaint against Schons and wife, Cain and wife, W. L. DeBord, J. G. DeBord and wife, Wenatchee Produce Company and Butler and wife, demanded judgment: (1) against Schons and wife and Cain and wife in the sum of $18,721.30 and interest; (2) that the real estate contract of August 5, 1927, be rescinded; and (3) that the right, if any, of the other parties to the action be determined.

Schons and wife and Cain and wife filed a cross-complaint, demanding judgment confirmatory of their declaration of forfeiture of the real estate contract and quieting their title to the real property involved, and also filed an answer denying material allegations of the amended complaint of the Pacific Fruit & Produce Company. The Pacific Fruit & Produce Company, by an answer, denied material allegations of the cross-complaint of Schons and wife and Cain and wife. All of the parties, other than the Pacific Fruit & Produce Company, Schons and wife, and Cain and wife, after service of summons and cross-complaint upon them, were adjudged to be in default.

Upon the trial, judgment was entered dismissing the action of the Pacific Fruit & Produce Company. It was concluded that the cross-complaint of Schons and wife and Cain and wife was meritorious, and judgment was entered accordingly quieting their title to the land in controversy. The Pacific Fruit & Produce Company

478

has appealed, and argue the case generally without any assignment of error.

■ In addition to the facts already mentioned, there was abundant evidence that the appellant, by its assignors and by its agents, was cognizant continually of conditions on the land and the amount of water received from all of the sources of supply. Poor husbandry was largely if not fully responsible for what appellant claims was due to shortage of water. It also appears from the evidence that, by neglect of proper cultivation, the earth in the orchard became packed and hard, causing the water to run off rather than be absorbed and conserved in the soil, which resulted, especially towards the close of appellant's control of the premises, in the loss of more than four hundred fifty fruit trees, or five or six acres of the twenty-one acres of orchard on the tract; that the spraying system was allowed to become materially depreciated in value, and the whole orchard and tract become so run down that one fourth of its value was gone.

Through the several years appellant and its assignors had possession, they gave no notice of dissatisfaction, allowed two years of taxes to go delinquent that it should have paid, harvested the 1930 crop, and still said nothing about any shortage of water by way of complaint until the day before a substantial payment was due on the real estate contract, when, upon learning slight leniency only could or would be given, and that only upon the expressed hope of the appellant that its prospective purchaser of the premises at a good price would furnish the necessary money to make the payment, suddenly and on the next day gave written notice of attempted rescission of the contract upon a complaint never urged before with reference to a condition that had arisen not less than months or years before, if at all.

These facts and circumstances fully justify the recital and conclusion expressed in the judgment that the complaint of the Pacific Fruit & Produce Company is "without equity." If it be assumed that there was a noticeable decrease of water for irrigation purposes, which under the testimony occurs in most of cases certain months of the year, of which there is some dispute as to these lands with reference to any damage caused thereby, nevertheless, appellant and its assignors continuing the contract so long a time with knowledge of the situation and undertaking in the meantime, to the extent of entering into a written contract of sale of the premises, to turn the land into a fair bargain on its own account, is wholly inconsistent with the diligence and sense of fair dealing required to justify rescission. Some of our cases so holding are *Thomas v. McCue,* 19 Wash. 287, 53 Pac. 161; *Pearson v. Gullans,* 81 Wash. 57, 142 Pac. 456; *Kellner v. Rowe,* 137 Wash. 418, 242 Pac. 353; *Christiansen v. Parker,* 152 Wash. 149, 277 Pac. 445; *Stubbe v. Stangler,* 157 Wash. 283, 288 Pac. 916.

The cross-complaint of Schons and Cain was fully established by the proof. They proceeded properly upon written notice followed by written declaration of cancellation and forfeiture of the contract, as they had the right to do under its terms, and thereafter took peaceable possession of the premises. The cross-complaint, as recited and concluded in the judgment, was meritorious. The quieting of the title to the land in favor of respondents was correct.

Judgment affirmed.

TOLMAN, C. J., PARKER, STEINERT, and HERMAN, JJ., concur.