[No. 25941.  Department One.  March 9, 1936.]

JOHN LUCAS, *Appellant,* v. GUST A. ANDROS *et al.,*
*Respondents.*[1]

*Furber & Furber,* for appellant.
*Frank R. Jeffrey,* for respondents.

TOLMAN, J.—The appellant, as plaintiff, sued to recover certain installments claimed to be due to him under the terms of a written conditional sales contract made by him, as vendor, to the respondent husband, as vendee, covering certain described articles of personal property.  A supplemental complaint was later filed, embracing the installment payments which had matured subsequent to the filing of the complaint, and still later, by written stipulation of the parties duly filed, the complaint was amended to include the whole of the purchase price which was due at the time of the trial.

[1]Reported in 55 P. (2d) 330.

By answer and cross-complaint, the defendants admitted the execution of the contract and the nonpayment of the purchase price, but pleaded affirmatively that they were induced to enter into the contract by misrepresentation and fraud in certain particulars set out. They sought the cancellation of the contract and the recovery of damages alleged to have been suffered by them as a result of the fraud.

The case was tried to the court sitting without a jury, resulting in findings of fact by the trial court to the effect that the plaintiff procured the contract to be executed by misrepresentation and fraud, but that the defendants had proved no damages to them resulting therefrom. A judgment followed dismissing both the complaint and the cross-complaint with prejudice, but awarding costs to the defendants. The plaintiff has appealed from that part of the judgment which is adverse to him.

The appellant's assignments of error raise two questions: (1) Was there sufficient proof of the misrepresentation and fraud; and (2) even, if so, did not the respondents, with full knowledge thereof, affirm and ratify the contract? These assignments have placed upon us a duty to carefully read and fully consider all of the facts disclosed by the record, which duty we have faithfully endeavored to perform.

The conditional sales contract recites that the appellant is, and until the complete payment of the purchase price of $1,525, shall continue to be, the absolute owner of the personal property involved. The property is described by an itemized inventory which includes "1 Reo Truck" and various other items of personal property (obviously constituting bakery equipment) "located at No. 818 Third Avenue, in the City of Renton," including

"All tools, peels and pie tins located upon said premises, also all right, title and interest of the vendor in and to that certain Old Dutch Oven built and located upon said described premises."

Nowhere in the conditional sales contract is there any mention whatever of a leasehold interest of any sort or nature, or anything to indicate that the purchaser might expect thereby to acquire any right to the possession of the premises where the personal property was then located.

The affirmative defenses which were sustained by the findings of the trial court were (1) that the appellant had no title to the Reo truck described in the contract; (2) that the appellant falsely represented that he had a lease upon the bakery premises; and (3) that the Dutch oven mentioned in the contract was attached to and a part of the real estate, and therefore that the appellant could not convey title thereto.

The contract itself is very strong evidence against each of these findings. It clearly states that the appellant was the owner of the Reo truck, and the evidence as clearly shows that, by reason of the contract, the respondents obtained possession of the truck and by the payment of $83.75, to extinguish a prior vendor's interest (of which they were duly advised before the contract was made), they succeeded in converting the value of the truck to their own use. The respondents were entitled to a credit, only, for the $83.75 thus paid to clear the title to the Reo truck.

The written contract excludes the idea that respondents were purchasing a leasehold interest, and the oral evidence produced by the respondents on that question seems to us wholly insufficient to establish misrepresentation or fraud in that respect. Finally, the contract by its terms establishes that the appellant was to convey only such title to the Dutch oven as he

might have. Clearly, the written contract by its terms conveyed only such title as the vendor might then have in the oven. The oral evidence fails to show any misrepresentation as to the title to the oven such as would be necessary to establish fraud.

But, even if we may be mistaken in any or all of the foregoing conclusions, still the appellant is entitled to recover upon the contract, because, with knowledge that there was no lease of the premises and with knowledge that the Dutch oven was attached to and a part of the real estate, the respondents sold and disposed of the Reo truck seven days after the contract was executed, and at least five days after they had full knowledge of all of the facts, receiving therefor a credit of $250 upon the purchase of a new truck. There was no offer to return the truck to the vendor, nor any tender of its value or of the amount received. This amounts to an affirmance of the sale and is sufficient to defeat the attempt to rescind.

"In order to rescind a contract for fraud, the party defrauded must as a general rule restore, or offer to restore, the consideration which he has received under the contract. The trend of the later cases seems to be toward a reasonable and equitable application of the rule, and to hold that it requires a plaintiff to do merely what equitably he ought to do." 13 C. J. 621, § 680.

"A rescission must be in toto. A party cannot affirm a contract in part and repudiate it in part. He cannot accept the benefits on the one hand while he shirks its disadvantages on the other, unless the two parts of the contract are so severable from each other as to form two independent contracts." 13 C. J. 623, § 682.

These are general rules to which this court has long adhered. *Biel v. Union Fuel & Ice Co.,* 105 Wash. 41, 177 Pac. 813; *Albright v. Sunset Motors,* 148 Wash. 348, 268 Pac. 1036.

Under his complaint as amended by stipulation, and the evidence in the cause, the appellant is entitled to recover that portion of the purchase price which was due at the time of the trial below, less $83.75 paid by the respondents to clear the title to the truck.

The judgment is reversed, and the cause remanded with instructions to enter judgment in harmony with these views.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.